## Hugh Kneale v. Mary A. Kneale.

*Divorce: Adultery: Evidence: Children.* In a suit for divorce on the ground of adultery a decree will not be granted where the only evidence establishing the case is that of children of the parties, who are called upon to testify to the adulterous conduct of their mother, witnessed by them at an age when they could scarcely be supposed able to understand the significance of facts sworn to.

A practice of such evil tendency as the calling of such children as witnesses against their mother for such a purpose is not to be encouraged.

*Divorce: Verdict of jury: Adultery.* The verdict of the jury to whom it was submitted, finding against the defendant, would be entitled to great weight if the question of adultery had been submitted in the customary way by calling their attention to specific charges, with time and circumstance, instead of submitting the question generally, as was done here, whether the defendant committed the adultery charged in the bill.

*Submitted on briefs October 28. Decided November 5.*

Appeal in Chancery from Ingham Circuit.

*Dart & Wiley,* for complainant.

*Huntington & Henderson,* for defendant.

COOLEY, J.

This is a bill for divorce on the ground of adultery. The adultery being denied, issues were framed and submitted to a jury, who were required to find, *first,* whether the adultery charged had been committed, and *second,* whether it had been condoned.    The jury found against the defendant on the first issue, and failed to agree on the second. The case was then, by stipulation, submitted to the circuit judge on the testimony taken before the jury, and he has decreed a divorce.

One thing is very apparent from the evidence: that the standard of propriety of each of the parties is low; that the woman has indulged in a good deal of shameful talk, and that some of complainant's conduct has been equally reprehensible.    The evidence relied upon to prove adultery is mainly circumstantial, except what is given by the children of the parties, who are called to testify to the adulterous conduct of their mother, witnessed by them at an age when they could scarcely be supposed able to understand the significance of facts sworn to.    Leaving out this evidence, the case would not be established; and we think it exceedingly unsafe to grant a divorce on the testimony of such children, and are not disposed to encourage a practice of such evil tendency as the calling them as witnesses against their mother for such a purpose, and at such an age.

Had the question of adultery been submitted to the jury in the customary way by calling their attention to specific charges, with time and circumstance, their verdict would be entitled to great weight; but when the general question is asked, whether the defendant committed the adultery charged in the bill—as was the case here—it is easy to see that the jury might agree that adultery was

28 MICH.—44.

committed without being able to agree at all upon any specific act alleged. We are therefore left to decide the case on our own view of the evidence, and we cannot say that it has brought to our minds such a clear conviction of guilt as should be had before granting a divorce. The foolish and reprehensible talk of such a woman as this defendant seems to be, is not very forcible evidence of guilt, especially as it clearly appears that on some occasions she admitted or boasted of things that had no existence.

We are disposed to reverse the decree, and dismiss the bill.

The other Justices concurred.