## Reuben B. Crowner v. Sarah A. Crowner.

*Divorce for adultery—Testimony of children.*

In a suit for divorce for alleged adultery, it is improper to call children of the parties of a tender age, to testify to facts tending to show a want of chastity in the defendant.

To make such children witnesses is censurable, not only as it touches them in their natural affections, and tends to demoralize them, but also because their evidence, from their immaturity and liability to misconceive the facts and be tampered with, is unreliable.

A divorce refused, where the principal evidence against the defendant was that of two children of the parties, the eldest of whom was but twelve years of age.

Appeal from Clinton. Submitted June 16. Decided June 23.

Divorce. Defendant appeals. Reversed; bill dismissed.

*J. O. Selden* for complainant.

*Cook & Daboll* for defendant.

Cooley, J. The bill in this case is filed for a divorce because of alleged adultery. The parties were married in 1866, and the adultery is alleged to have taken place in May, 1879. There is no direct evidence of the alleged offense, but circumstances of a suspicious nature are sworn to by two children of the parties, the eldest of whom was twelve years of age when sworn, and both of whom would seem, if their evidence is trusted, to have precocious understanding of the nature and criminality of the conduct charged. We had occasion in *Kneale v. Kneale* 28 Mich. 344, to comment upon the manifest impropriety of calling children of such a tender age to testify against their mother to establish an offense against chastity. It is a great wrong to them, not only as it touches them in their natural affections, but also as it tends to destroy their purity of mind and conduct. Moreover, the

evidence of such children to acts which will naturally be construed by their prepossessions and immature and incorrect notions is of very slight value, even when honestly called out and given, and is easily shaped and perverted if a dishonest father shall be so inclined. We shall not grant a divorce upon such evidence unsupported, and there is not much other evidence in this case.

The decree must be reversed and the bill dismissed.

The other Justices concurred.